**FILED**
CLERK, U.S. DISTRICT COURT

5/6/2026

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____E.C._____ **DEPUTY**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERREL DEMMOREST MANGHAM,<br><br>Defendant. | ED CR No. 5:26-cr-00080-SPG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(o)(1): Possession of Machineguns; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning no later than on or about March 27, 2025, and continuing through on or about April 22, 2026, in Riverside County, within the Central District of California, and elsewhere, defendant JERREL DEMMOREST MANGHAM, not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales and

attempted sales of the following firearms, including firearms bearing no legitimate manufacturer's marks or serial numbers (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARMS SALES |
|---|---|
| May 6, 2025 | 1.   two black and green 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers;<br><br>2.   a black and gold 9mm machinegun pistol bearing no legitimate manufacturer's marks or serial number;<br><br>3.   a black 9mm machinegun pistol bearing no legitimate manufacturer's marks or serial number;<br><br>4.   five machinegun conversion devices (also known as "AR auto sears"), bearing no serial numbers, that were designed and intended, solely and exclusively, for use in converting firearms into machineguns; and<br><br>5.   a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch"), bearing no serial number, that was designed and intended, solely and exclusively, for use in converting a firearm into a machinegun. |
| June 12, 2025 | 1.   two black and tan 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers; and<br><br>2.   four black 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers. |

| DATE | FIREARMS SALES |
|---|---|
| August 20, 2025 | 1.   a black 9mm machinegun pistol bearing no legitimate manufacturer's mark or serial number;<br><br>2.   a black 9mm machinegun pistol with a red optic bearing no legitimate manufacturer's mark or serial number;<br><br>3.   three gray and black 9mm semi-automatic pistols bearing no legitimate manufacturer's marks or serial numbers;<br><br>4.   four black 9mm semi-automatic pistols bearing no legitimate manufacturer's marks or serial numbers; and<br><br>5.   a black 9mm semi-automatic pistol with a red optic bearing no legitimate manufacturer's mark or serial number. |

| DATE | FIREARMS ATTEMPTED SALES |
|---|---|
| April 22, 2026 | 1.   two gray and black 9mm pistols bearing no legitimate manufacturer's marks or serial numbers; and<br><br>2.   eight black 9mm pistols bearing no legitimate manufacturer's marks or serial numbers. |

3

COUNT TWO

[18 U.S.C. § 922(o)(1)]

On or about May 6, 2025, in Riverside County, within the Central District of California, defendant JERREL DEMMOREST MANGHAM knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendant MANGHAM knew to be a machinegun:

1.   two black and green 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers;

2.   a black and gold 9mm machinegun pistol bearing no legitimate manufacturer's mark or serial number;

3.   a black 9mm machinegun pistol bearing no legitimate manufacturer's mark or serial number;

4.   five machinegun conversion devices (also known as "AR auto sears"), bearing no serial numbers, each of which was designed and intended, solely and exclusively, for use in converting a firearm into a machinegun; and

5.   a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch") that was designed and intended, solely and exclusively, for use in converting a firearm into a machinegun.

COUNT THREE

[18 U.S.C. § 922(o)(1)]

On or about June 12, 2025, in Riverside County, within the Central District of California, defendant JERREL DEMMOREST MANGHAM knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendant MANGHAM knew to be a machinegun:

1.    two black and tan 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers; and

2.    four black 9mm machinegun pistols bearing no legitimate manufacturer's marks or serial numbers.

COUNT FOUR

[18 U.S.C. § 922(o)(1)]

On or about August 20, 2025, in Riverside County, within the Central District of California, defendant JERREL DEMMOREST MANGHAM knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendant MANGHAM knew to be a machinegun:

1.   a black 9mm machinegun pistol bearing no legitimate manufacturer's mark or serial number; and

2.   a black 9mm machinegun pistol with red optic bearing no legitimate manufacturer's mark or serial number.

6

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

7

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

PETER DAHLQUIST
Assistant United States Attorney
Major Crimes Section